# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ALIBABA GROUP HOLDING LIMITED; ALIBABA GROUP (U.S.) INC., | Case No. 26-cv-6227-EKL |
| *Plaintiffs*, | ~~[PROPOSED]~~ **ORDER** |
| v. | Before: Hon. Eumi K. Lee |
| UNITED STATES DEPARTMENT OF DEFENSE a/k/a UNITED STATES DEPARTMENT OF WAR; PETE HEGSETH, in his official capacity as Secretary of Defense; STEPHEN FEINBERG, in his official capacity as Deputy Secretary of Defense; AND MICHAEL CADENAZZI, in his official capacity as Assistant Secretary of Defense for Industrial Base Policy, | |
| *Defendants*. | |

Upon review of the parties' stipulation, the Court orders as follows.

1.      Defendants, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of Defendants, will not enforce 10 U.S.C. § 4663's prohibition on the Department contracting with an entity, a parent company of such entity, or a subsidiary of such entity that is a party to a contract with any entity that engages in "lobbying activities"[1] for Alibaba, such that, consistent with 10 U.S.C. § 4663(c), which authorizes the Secretary of War to waive 10 U.S.C. § 4663's requirements, Alibaba would not be treated as a

---

[1] "Lobbying activities" means lobbying contacts and efforts in support of such contacts, including preparation and planning activities, research, and other background work that is intended, at the time it is performed, for use in contacts, and coordination with the lobbying activities of others. *See* 2 U.S.C. §§ 1602(7)-(8); DFARS 240.7003-1, *available at* in https://www.acq.osd.mil/dpap/dars/dfars_far_overhaul_class_deviations.html.

Chinese military company for purposes of 10 U.S.C. § 4663 only, until the Court resolves Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction or until sixty days after the Court holds a hearing on that Motion, whichever event occurs first.

2.     During that same duration, Defendants will not refuse to contract or otherwise deny any entity an opportunity to contract with the Department on the ground that such an entity, a parent company of such entity, or a subsidiary of such entity is a party to a contract with any entity that engages in "lobbying activities" for Alibaba.

3.     The Court sets the following schedule for Alibaba's Motion:

- July 21, 2026: Defendants' opposition due;
- August 4, 2026: Alibaba's reply due;
- Week of August 31, 2026 (or, in the alternative, week of August 24, 2026): Oral argument.

The Court will issue a separate notice setting the hearing on the motion.

IT IS SO ORDERED.

Dated:  July 5, 2026

_____
Hon. Eumi K. Lee
United States District Judge

[~~PROPOSED~~] ORDER