UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALIBABA GROUP HOLDING LIMITED; ALIBABA GROUP (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE a/k/a UNITED STATES DEPARTMENT OF WAR; PETE HEGSETH, *in his official capacity as Secretary of Defense*; STEPHEN FEINBERG, *in his official capacity as Deputy Secretary of Defense*; AND MICHAEL CADENAZZI, *in his official capacity as Assistant Secretary of Defense for Industrial Base Policy*, <br><br> Defendants. | Case No. 26-cv-6227-EKL <br><br> Hon. Eumi K. Lee <br><br> **SUPPLEMENTAL DECLARATION OF ERIC C. PELLETIER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

**<u>DECLARATION OF ERIC C. PELLETIER</u>**

Pursuant to 28 U.S.C. § 1746, I, Eric C. Pelletier, hereby declare as follows:

1.    I am the Vice President and Head of International Government Affairs at Alibaba Group Holding Limited. I am competent to testify to the matters set forth in this declaration and do so based on my personal knowledge, unless otherwise indicated. I submit this declaration to supplement my earlier declaration in support of Alibaba's motion for a preliminary injunction, temporary restraining order, and order to show cause (Dkt. No. 22).

2.    After the Court issued its order dated July 5, 2026 (Dkt. No. 29), Alibaba contacted five lobbying firms that were previously registered to lobby on its behalf.

3.    While most of these firms expressed interest in restarting their work on behalf of Alibaba, they declined to re-register to lobby on Alibaba's behalf.

4.    The Department amended its guidance addressing the 1260H List several days later to note specifically that Alibaba is presently not considered a Chinese military company for purposes of 10 U.S.C. § 4663 in response to the Court's July 5, 2026 order. *See* Memorandum from John M. Tenaglia, Principal Dir., Def. Pricing, Contracting, & Acquisition Pol'y, U.S. Dep't of Def. (July 16, 2026), https://shorturl.at/5bY2L (Class Deviation 2026-O0025, Revision 2).

5.    Despite this amended guidance, these firms remain unwilling to renew their work on a short-term basis with Alibaba given the limited duration of the stipulation and the long-term uncertainty concerning Section 4663's application to Alibaba.

6.    Most of these firms verbally indicated that they would more fully explore resuming their lobbying of federal officials on behalf of Alibaba were the Court to issue more substantive relief of a longer nature.

7.    Alibaba has also sought out other established firms to lobby on its behalf and has not yet been able to retain suitable advocates.

8.    Alibaba's inability to hire lobbying firms as a result of Section 4663 continues to have significant consequences for Alibaba's ability to petition the government effectively.

9. In July 2026 alone, since Section 4663 went into effect, the Executive Branch and Congress have undertaken numerous actions that are of concern to Alibaba. Among multiple other Executive Branch actions, the Federal Communications Commission added new categories of devices produced in foreign countries—including power equipment frequently used in solar energy projects—to its list of equipment prohibited from getting FCC equipment authorization. *See* Press Release, FCC, FACT SHEET: FCC Updates Covered List to Include Foreign-Produced Advanced Robotic Devices and Power Inverters (July 28, 2026), https://shorturl.at/onzRq. Multiple bills are being considered in Congress, including bills addressing AI models and privacy settings for minors on online platforms, and a bill that would prevent the importation of consumer products sold, purchased, shipped, delivered, or otherwise made available through Alibaba in the United States, *see*, *e.g.,* Hearing Announcement, House Comm. on Energy & Com., *Chairmen Guthrie and Bilirakis Announce Hearing on Legislation to Strengthen Consumer Product and Service Protections* (July 15, 2026), https://shorturl.at/EI4pV (listing, *inter alia*, the "Stop the FRAUD Act"). Congress is also continuing to consider the National Defense Authorization Act of 2027, H.R. 8800, 119th Cong. (2026); S. 4784, 119th Cong. (2026), which contains myriad provisions that will impact the technology sector.

10. Members of Congress have taken other actions that affect Alibaba. Senator Rick Scott and Representative John R. Moolenaar have requested that the Securities and Exchange Commission limit and temporarily suspend Alibaba from trading on the New York Stock Exchange, citing Alibaba's inclusion on the 1260H List. *See* Letter from Sen. Rick Scott and Rep. John R. Moolenaar to Paul S. Atkins, Chairman, U.S. SEC (July 16, 2026), https://shorturl.at/a6Q1O. Representative Moolenaar urged Monumental Sports & Entertainment, which owns and operates the Washington Capitals and the Washington Wizards, to cut ties with Alibaba and cease their advertising partnership. *See* Letter from Rep. Moolenaar to Ted Leonsis, Chairman & CEO, Monumental Sports & Ent. (June 30, 2026), https://shorturl.at/xlYys.

11. Prior to Section 4663's effective date, Alibaba would have engaged with the relevant entities and officials, presented relevant information, and advocated for its position through its

SUPPLEMENTAL DECLARATION OF ERIC PELLETIER
CASE NO. 26-CV-6227-EKL

registered lobbyists. Since then, Alibaba has lost its most effective voice in addressing these and other important issues.

12.    The actions of concern to Alibaba span numerous subject matters and require lobbyists with significant expertise to engage in effective advocacy. Moreover, the volume of federal actions over such a short timeframe demonstrates the impracticality of Alibaba recruiting and hiring enough internal advocates with sufficient expertise to advance Alibaba's interests adequately.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 4, 2026

*Eric C. Pelletier*

Eric C. Pelletier
Vice President & Head of International Government Affairs, Alibaba Group Holding Limited

3

SUPPLEMENTAL DECLARATION OF ERIC PELLETIER
CASE NO. 26-CV-6227-EKL