Sheila A.G. Armbrust (CABN 265998)
sarmbrust@sidley.com
SIDLEY AUSTIN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Carter G. Phillips (admitted *pro hac vice*)
cphillips@sidley.com
Jennifer J. Clark (admitted *pro hac vice*)
jennifer.clark@sidley.com
Christopher A. Eiswerth (admitted *pro hac vice*)
ceiswerth@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

*Attorneys for Plaintiffs Alibaba Group Holding Limited and Alibaba Group (U.S.) Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALIBABA GROUP HOLDING LIMITED; ALIBABA GROUP (U.S.) INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE a/k/a UNITED STATES DEPARTMENT OF WAR; PETE HEGSETH, *in his official capacity as Secretary of Defense*; STEPHEN FEINBERG, *in his official capacity as Deputy Secretary of Defense*; AND MICHAEL CADENAZZI, *in his official capacity as Assistant Secretary of Defense for Industrial Base Policy*,<br><br>Defendants. | Case No. 26-cv-6227-EKL<br><br>Hon. Eumi K. Lee<br><br>**PLAINTIFFS' MOVING SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>DATE & TIME: March 10, 2026 at 10:00 a.m.<br>LOCATION: Courtroom 7, 4th Floor<br><br>**Complaint Filed on June 23, 2026** |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| **Claim 1: Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C), (E): Arbitrary and Capricious, Contrary to Law, In Excess of Jurisdiction, Unsupported by Substantial Evidence** | | |
| **Issue 1.** Whether the Department failed to provide an adequate explanation for its decision. | **Fact 1.** On October 7, 2025, Deputy Secretary Stephen Feinberg wrote to the Armed Services Committees that the Department had determined that Alibaba Group Holding Limited is a "Chinese military compan[y]" and "should be added to the 1260H List."<br><br>AR1781–84. | |
| | **Fact 2.** On February 9, 2026, Deputy Secretary Feinberg approved an action memorandum for a revised 1260H List of "Chinese military companies" that included Alibaba.<br><br>AR1786–93. | |
| | **Fact 3.** On February 13, 2026, at about 8:45 a.m., the revised 1260H List that Deputy Secretary Feinberg approved on February 9 was filed for public inspection on the Federal Register's website, and then withdrew the list.<br><br>Armbrust Decl. ¶ 7, Dkt. No. 21; Armbrust Decl., Ex. A, Dkt. 21-4; AR1834.. | |
| | **Fact 5.** On June 5, 2026, Deputy Secretary Feinberg approved an action memorandum for a revised 1260H List of "Chinese military companies" that included Alibaba and asserted the same statutory grounds for doing so as the 1260H List approved on February 9, 2026. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | AR0001–07; AR0055–84; AR1786–93; AR1808–25. | |
| | **Fact 6.** Neither the Department's decision memorandum, dated May 13, 2026, nor the June 5 action memorandum references or explains the basis for the February 2026 designation or its withdrawal or the basis for Deputy Secretary Feinberg's October 2025 letter to Congress.<br><br>AR0001–07; AR0055–84. | |
| | **Fact 7.** The June 2026 action memorandum states that "the most recent 1260H List [was] published on Tuesday, January 7, 2025."<br><br>AR0002. | |
| | **Fact 8.** On February 27, 2026, in response to Alibaba's request for the decision memorandum stating the basis for listing Alibaba on February 13, the Department stated: "[i]t came to the attention of the Department that the 1260H list posted for public inspection on the Federal Register on February 13 may require updates based on the statutory requirement to review the most recent information available," and "[t]he Department will publish an updated list in accordance with the statute to make additions or deletions as the Secretary deems appropriate."<br><br>AR0214. | |
| **Issue 2.** Whether the Department's indirect- | **Fact 9.** On June 10, 2026, the Department stated in the Federal Register that it designated | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| affiliation theory is contrary to law. | Alibaba, in part, because it "is indirectly affiliated with SASAC [the State-Owned Assets Supervision and Administration Commission of the State Council] (Section 1260H(g)(2)(B)(i)(I))." 91 Fed. Reg. 35189; *see* AR0059. | |
| | **Fact 10.** In support of the determination that Alibaba is "indirectly affiliated" with SASAC, the Department stated that "[i]n 2015, Alibaba signed a cooperation agreement with China North Industries Group Corporation Limited (Norinco), a SOE owned by SASAC of the State Council, the use of BeiDou, China's satellite positioning system." AR0060. | |
| | **Fact 11.** In support of the determination that Alibaba is "indirectly affiliated" with SASAC, the Department also stated that "[i]n March 2025, Alibaba and China Mobile Communications Group Co., Ltd. (China Mobile), a SOE owned by SASAC …, signed a strategic agreement to carry out in-depth cooperation in digital infrastructure, application ecology, innovation capabilities, and international business." AR0062. | |
| **Issue 3.** Whether the Department's designation of Alibaba under Section 1260H(g)(2)(B)(i)(I) is arbitrary and capricious. | **Fact 12.** "In China, SOEs are legally recognized as corporate entities rather than government entities." AR1175. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
| --- | --- | --- |
| | **Fact 13.** SOEs "are managed by the government through … SASAC serving as either majority shareholder or acting on behalf of the government as majority shareholder."<br><br>AR1175. | |
| | **Fact 14.** SASAC selects SOEs' top executives, sets their compensation, evaluates their performance, and audits them.<br><br>AR0061–62; AR1176; AR1184–85. | |
| | **Fact 15.** SASAC is responsible for "supervising the preservation and increment of the value of [SOEs]" and "translating government policy into corporate governance via majority shareholder."<br><br>AR1175; AR1183–87. | |
| | **Fact 16.** Alibaba Group Holding Limited's stock is traded on the New York Stock Exchange and the Hong Kong Stock Exchange.<br><br>AR0140. | |
| | **Fact 17.** Alibaba has a widely dispersed shareholder base with major U.S. institutional investors consisting of BlackRock, Vanguard, State Street, JPMorgan, Goldman Sachs, Fidelity, and T. Rowe Price as of the time of its designation under Section 1260H.<br><br>AR0140. | |
| | **Fact 18.** Alibaba's Board of Directors consists of 10 directors. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
| --- | --- | --- |
| | AR0141. | |
| | **Fact 19.** No director on the Board is a member of the Chinese government or Chinese Communist Party.<br>AR0141. | |
| | **Fact 20.** Neither the Chinese government nor the People's Liberation Army holds a "golden share" or special control rights in Alibaba Group Holding Limited or Alibaba Group (U.S.) Inc.<br>AR0141. | |
| | **Fact 21.** SASAC does not exercise any regulatory jurisdiction over Alibaba.<br>AR0219. | |
| | **Fact 22.** The Department did not identify in its May 2026 memorandum any direct link, such as ownership, control, board-appointment right, or direct dealings, between Alibaba and SASAC.<br>AR0059–63. | |
| | **Fact 23.** Alibaba invested in Qianxun Spatial Intelligence Inc., a location-services company, more than ten years ago.<br>AR0060. | |
| | **Fact 24.** BeiDou is a satellite positioning system analogous to the United States's Global Positioning System.<br>AR0060; AR1127. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | **Fact 25.** The decision memorandum does not purport to rely on the text of the reported agreement between Alibaba and Norinco.<br><br>AR0060–62; AR0069 nn.21–28; AR0070 nn.29–39; AR0071 nn.40–55; AR0072 nn.56–58. | |
| | **Fact 26.** Norinco does not own or control Alibaba, and Norinco's officers do not sit on Alibaba's board of directors.<br><br>AR0060–62; AR0069 nn.21–28; AR0070 nn.29–39; AR0071 nn.40–55; AR0072 nn.56–58. | |
| | **Fact 27.** The Department's May 2026 decision memorandum relies on a 2020 article from a defunct website, quotations from a "naval expert" in a 2019 *Global Times* article, and other predictive statements from 2015.<br><br>AR0060–61; AR0069 nn.22 & 25–27; AR0070 nn.29–30 & 32–30; AR1125–31; AR1142–43; AR1151–58. | |
| | **Fact 28.** The May 2026 decision memorandum relies on sources that state that Qianxun SI's mission is to "promote civil and commercial use of the BeiDou system," and its "[t]ypical use cases" include "[p]recision agriculture," "[a]utonomous driving and intelligent transportation systems," "[s]urveying," and "[c]ustomer applications such as IoT, location-based services, and smartphone navigation." | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | AR0069 nn.22–23; AR0070 nn.29–30; AR1127–28; AR1132. | |
| | **Fact 29.** The May 2026 decision memorandum relies on a source that compares Qianxun SI to Garmin.<br><br>AR1145–46. | |
| | **Fact 30.** The Department found that Alibaba was "indirectly affiliated with" SASAC based on a March 2025 "strategic agreement" between Alibaba and China Mobile "to carry out in-depth cooperation in digital infrastructure, application ecology, innovation capabilities, and international business" and to "jointly build and operate an AI data center."<br><br>AR0062; AR1298–99. | |
| | **Fact 31.** The Department does not purport to have reviewed the agreement between Alibaba and China Mobile.<br><br>AR0062; AR1298–99. | |
| | **Fact 32.** The Department based its determination that Alibaba entered an agreement with China Mobil only on an hundred-word article from AAStocks.com.<br><br>AR1300. | |
| | **Fact 33.** The AAStocks.com article contains a disclaimer that reliance on AAStocks.com "is at your sole risk" and that AAStocks.com "do[es] not guarantee accuracy."<br><br>AR1300. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| **Issue 4.** Whether the Department's finding that Alibaba is "a military-civil fusion contributor to the Chinese defense industrial base" is arbitrary and capricious. | **Fact 34.** The Ministry of Industry and Information Technology (MIIT) is one of the principal regulators of China's technology sector.<br><br>AR0221. | |
| | **Fact 35.** MIIT oversees the internet, the telecommunications, and related industries and "formulates and manages development of sector-specific standards for 19 industries."<br><br>AR0065. | |
| | **Fact 36.** Companies in the internet, telecommunications, and other related industries—including Alibaba—engage with MIIT to ensure compliance with generally applicable requirements and offer industry views on technical standards.<br><br>AR0221–22. | |
| | **Fact 37.** The Department found that Alibaba is affiliated with MIIT because one of Alibaba Cloud's vice presidents serves on MIIT's AI standardization technology committee alongside approximately 40 other academics and industry leaders.<br><br>AR0065; AR1433–37. | |
| | **Fact 38.** The administrative record does not show what the Alibaba Cloud vice president has done on the committee or what the committee has done. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | AR0064–66; AR0074 nn.95–98; AR0075 nn.99–108; AR0076 nn.109–11; AR1433–67. | |
| | **Fact 39.** The May 2026 decision memorandum cites sources that state that MIIT announced the AI standardization technology committee in December 2024, that it is responsible for "the formulation and revision of industry standards" for AI, and that, as of October 2025, it remained active.<br><br>AR1433–37; AR1433; AR1464–67. | |
| | **Fact 40.** The Department has not identified any ownership, control, board seats, or financial ties between Alibaba and MIIT.<br><br>AR0064–65. | |
| | **Fact 41.** The Department found that Alibaba contributes to the Chinese defense industrial base because Alibaba's products "can be used by the PLA."<br><br>AR0064. | |
| | **Fact 42.** Alibaba does not build products for military use or integrate them into weapons systems.<br><br>AR0135–36; AR0147. | |
| | **Fact 43.** Alibaba does not hold military-production licenses.<br><br>AR0136; AR0147. | |
| | **Fact 44.** Alibaba bars "military uses and users" through | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | screening, monitoring, and contract terms.<br><br>AR0142–43. | |
| **Claim 2: Administrative Procedure Act, 5 U.S.C. § 706(2)(D): Failure to Observe Procedure Required by Law** | | |
| **Issue 1.** Whether the Department relied on "the most recent available information." | **Fact 45.** The Department's decision memorandum relied on outdated information.<br><br>AR0055–77. | |
| **Claim 3: Administrative Procedure Act, 5 U.S.C. § 706(B): Violation of Due Process** | | |
| **Issue 1.** Whether Alibaba has a liberty or property interest. | **Fact 46.** Alibaba has the right to political speech and to petition the government, to be free from reputational harm, and to not have legal status altered.<br><br>U.S. Const. amend. I, V; *Hesai Tech. Co. v. Dep't of Def.*, 186 F.4th 873, 878 (D.C. Cir. 2026). | |
| **Issue 2.** Whether Alibaba has been deprived of a liberty or property interest as a result of the designation. | **Fact 47.** Alibaba suffered reputational and legal consequences as a result of the Department designating it as a "Chinese military company" under Section 1260H.<br><br>Pelletier MSJ Decl. ¶¶ 33, 39; Pelletier Decl. ISO Mot. for Prelim. Inj. ¶¶ 24–35, Dkt. 22; Pelletier Supp. Decl. ISO Mot. for Prelim. Inj. ¶¶ 3–12, Dkt. 38; *Hesai Tech. Co. v. Dep't of Def.*, 186 F.4th 873, 878 (D.C. Cir. 2026). | |
| | **Fact 48.** Under 10 U.S.C. § 4663, the Department is barred from contracting with an entity that retains a lobbying firm that engages in lobbying activities for a Chinese military company. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | **Fact 49.** As a designated entity, Alibaba is precluded from entering into certain contracts with the Department of Defense and Department of Homeland Security and from receiving certain funding and support from the Department of Energy.<br><br>10 U.S.C. § 4651 note prec.; Pub. L. No. 119-85 § 545, 140 Stat. 773, 804 (2026); 42 U.S.C. § 18912(a)(2)–(3), (c)(1)–(2); 42 U.S.C. § 19235 | |
| **Issue 3.** Whether the Department provided pre-deprivation notice and an opportunity to be heard. | **Fact 50.** The Department stated in its June and February 2026 decision memoranda that it withheld notice from every listed entity to keep them from "tak[ing] measures to avoid procurement bans."<br><br>AR0002; AR1787. | |
| | **Fact 51.** Prior being designated as a Chinese military company, Alibaba was not provided the factual basis for the Department's determination or an opportunity to rebut that factual finding.<br><br>Pelletier MSJ Decl. ¶¶ 16–17. | |
| **Claim 4: Violation of the First Amendment** | | |
| **Issue 1.** Whether Section 4663's lobbying-contracting ban violates the First Amendment. | **Fact 52.** Prior to being designated, Alibaba had retained over two dozen lobbyists and multiple lobbying firms to represent its interests before Congress and the Executive Branch on legislation, rules, executive orders, and other government policies of interest to the company. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | Pelletier MSJ Decl. ¶ 33; Pelletier PI Decl. ¶ 26, Dkt. No. 22. | |
| | **Fact 53.** After Alibaba was designated under Section 1260H, lobbyists registered to represent it withdrew from their representation because of 10 U.S.C. § 4663 were the reason.<br><br>Pelletier MSJ Decl. ¶ 33; Pelletier PI Decl. ¶ 28, Dkt. No. 22. | |
| | **Fact 54.** Even after the Department was prohibited from treating Alibaba as a designated entity for purposes of Section 4663, Dkt. 29, and the Court granted the preliminary injunction, Dkt. 51, those firms have declined to resume their representation, and Alibaba has been unable to retain other established firms with equivalent expertise to represent it.<br><br>Pelletier MSJ Decl. ¶¶ 34–36; Pelletier Supp. Decl. ¶¶ 2–7, Dkt. No. 38. | |
| | **Fact 55.** Lobbying Disclosure Act reports show, among other things, that several firms reported receiving over $1 million in total from Tencent to lobby the government regarding Section 1260H.<br><br>Eiswerth Decl., Exs. E–G. | |
| | **Fact 56.** Those reports also show that a firm received nearly $100,000 from Quectel Wireless Solutions Co., Ltd. to provide strategic counseling on policy and regulatory action concerning the Internet of Things. | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | Eisworth Decl., Ex. H. | |
| | **Fact 57.** Those reports further show that a firm received approximately $50,000 from a subsidiary of CRRC Corporation Limited to lobby the Department of Homeland Security on transportation issues.<br><br>Eisworth Decl., Ex. I. | |
| | **Fact 58.** Tencent, Quectel, and CRRC had been on the Section 1260H List since January 2025 or earlier.<br><br>90 Fed. Reg. 1105, 1105–06 (Jan. 7, 2025). | |
| | **Fact 59.** The firms representing Tencent, Quectel, and CRRC filed reports indicating that the relationship had been terminated on or around June 30, 2026, when Section 4663 took effect.<br><br>Eisworth Decl., Exs. J–N. | |
| | **Fact 60.** BYD Motors has attested that two lobbying firms it approached declined to represent it due to the restrictions under Section 4663.<br><br>Pls.' Mot. Prelim. Inj. 8–9, *BYD Motors LLC v. U.S. Dep't of Def.*, No. 26-cv-11173 (C.D. Cal. Oct. 26, 2026), Dkt. No. 15. | |
| **Claim 5: Void for Vagueness** | | |
| **Issue 1.** Whether Section 1260H is void for vagueness. | **Fact 61.** Section 1260H defines "Chinese military company" to include entities "affiliated with" SASAC or MIIT and defines "affiliated with" as "in close formal or informal association." | |

| Claim or Defense | Moving Party's Undisputed Facts & Supporting Evidence | Opposing Party's Response & Supporting Evidence |
|---|---|---|
| | Section 1260H(g)(2)(B)(i)(I), (g)(3)(B), (g)(1). | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

Date: November 9, 2026

SIDLEY AUSTIN LLP

*/s/ Christopher A. Eiswerth*
Sheila A.G. Armbrust (CABN 265998)
Carter G. Phillips (admitted *pro hac vice*)
Jennifer J. Clark (admitted *pro hac vice*)
Christopher A. Eiswerth (admitted *pro hac vice*)

*Attorneys for Plaintiffs Alibaba Group Holding Limited and Alibaba Group (U.S.) Inc.*

**GENERATIVE AI CERTIFICATION**

I certify that any content generated by artificial intelligence in the foregoing motion and accompanying papers has been personally verified for accuracy and any prompts have been retained.

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth

*Attorney for Plaintiffs Alibaba Group Holding Limited and Alibaba Group (U.S.) Inc.*